108 F.3d 340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lian Quan ZHU, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70128.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 10, 1997.*
Decided Feb. 13, 1997.
 
 Petition for Review of an Order of the Board of Immigration Appeals, No. Agr-kqv-cds.
 BIA
 REVIEW DENIED.
 Before: GOODWIN, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Lian Quan Zhu, a native and citizen of China, timely petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ) denial of his requests for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) & 1253(h) (West Supp.1996). Zhu conceded deportability based on his entry without inspection. We deny the petition.
 
 ANALYSIS
 
 3
 To establish eligibility for asylum, Zhu must prove that he has suffered past persecution or has a well-founded fear of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (West Supp.1996). An applicant for asylum who has suffered past persecution may satisfy the "persecution" requirement for asylum without demonstrating a well-founded fear of future persecution. See 8 C.F.R. § 208.13(b)(1); Matter of Chen, Int. Dec. 3104 (BIA 1989). On appeal Zhu asserts that his application for asylum is predicated on past persecution. The BIA found that Zhu had not suffered past persecution. Substantial evidence supports the BIA's finding that the hardship Zhu suffered in the past was no different than that suffered by others in similar economic circumstances. We have referred to the State Department's Country Reports on which the BIA relied as "the most appropriate and perhaps the best resource" for "information on political situations in foreign countries." Kazlauskas v. INS, 46 F.3d 902, 906 (9th Cir.1995) (citations and quotations omitted). The State Department Report provided substantial evidence to support the BIA's decision. The BIA did not abuse its discretion when it dismissed Zhu's appeal and upheld the decision of the IJ to deny Zhu's application for asylum.
 
 
 4
 To be eligible for withholding of deportation, an applicant must meet a higher standard of proof and show a "clear probability of persecution." Zhu's failure to satisfy the lesser standard of proof for asylum necessarily results in his failure to demonstrate a right to withholding of deportation. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 5
 Petition DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3